No. 17422—Edward F. Hauck v. State of Ohio. Error to the Court of Appeals of Warren county.

MARSHALL, C. J.:

1. Section 6212-43, General Code (109 O. L., 95), is a valid exercise of legislative power under the authority of Section 9, Article XV of the Ohio Constitution, and Section 2, Article XVIII of the Amendments to the Federal Constitution.

2. A search of an automobile by an officer and a seizure by him of intoxicating liquors then being possessed, and transported in violation of the law, without a search warrant, is authorized though the officer has no previous knowledge of such violation, provided he acts in good faith and upon such information as induces the honest belief that the person in charge of the automobile is in the act of violating the law.

3. A search and seizure under such circumstances is not unreasonable and therefore does not transgress Section 14, Article I, of the Ohio Constitution.

Judgments affirmed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17573—The Cleveland and Eastern Traction Co. v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

MATTHIAS, J.:

1. Under the provisions of Section 614-19, General Code, a contract of a public utility and a patron thereof for service, executed prior to the enactment of the public utilities law of the state, cannot be construed as constituting a discrimination or preference, but any such contract made subsequent thereto is subject to the supervision of the public utilities commission and is not binding or enforceable in so far as it conflicts with the finding and order of the commission and the rate thereby approved and established.

2. The schedules of rates and charges required to be filed by a public utility company with the Public Utility Commission may contain a classification of its service, which classification should be based upon the quantity used, the time when used, the purpose for which used, the duration of use, and other reasonable considerations which essentially distinguish the service required to meet the various demands.

3. A classification approved by the Public Utilities Commission which embraces in one class consumers guaranteeing a minimum demand of five hundred kilowatts for combined electric railway and commercial uses, which has application to interurban companies procuring current from a power company at or beyond the limits of the city within which the power plant is located, and in another class electric railways guaranteeing a minimum demand of 20,000 kilowatts for electric railway purposes only, and which demand is constant and steady, such service being in said city and within relatively short transmission distance, is a lawful and reasonable classification. Order affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Clark, JJ., concur.

No. 17383—The State, ex. rel. S. A. Turner, F. D. Redkey and John E. Burns v. A. J. Fender, L. L. Faris and Hough Morrow. In Quo Warranto.

WANAMAKER, J.:

1. The Supreme Court of Ohio is given original jurisdiction in qua warranto in favor of any and all citizens of Ohio, who, as a matter of right and without leave granted, may file a petition in such action.

2. The statute construed in State, ex rel. Lowes v. Thompson, 34 Ohio St., 365, requiring that "the action (in quo warranto) must be brought in the county in which the defendant resides or may be summoned, in accordance with section 10, chapter 5, title 1, of the act," so far as it relates to the Supreme Court, is repealed by the new Constitution of 1912, particularly judicial Section 2, Article IV, thereof, conferring original jurisdiction.

Judgment for relators.

Marshall, C. J., Hough, Robinson, Jones and Matthias, JJ., concur.

Clark, J., took no part in the consideration or decision of the case.

No. 17492—The State ex rel. C. A. Maxwell, prosecuting Attorney, v. L. D. Wilson, et al. In Quo Warranto.

WANAMAKER, J.:

1. Sections 4729, 4731, 4748 et seq., General Code, providing for the organization of school districts in Ohio, election of members thereof, and vacanies therein, are valid and constitutional enactments. (State, ex rel. Directors of Eastern and Western School Districts of Cincinnati v. City of Cincinnati, 19 Ohio, 178, and Mills v. City Board of Elections, 54 Ohio St., 631, approved and followed.)

2. There is no vacancy in the office of a member of the Board of Education, where such member, who has been duly elected, takes the official oath at any time during the first day of the official term and "before entering" upon his official duties, pursuant to Sections 4729 and 4731, General Code.

Judgment for relator.

Hough, Robinson, Jones, Matthias and Clark, JJ., concur.